IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MISTIE GLENN                                                                                         PLAINTIFF

vs.                                              Civil No. 4:20-cv-04035

COMMISSIONER, SOCIAL                                                                      DEFENDANT
SECURITY ADMINISTRATION

**MEMORANDUM OPINION**

Mistie Glenn ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability, Social Security Income ("SSI"), and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed her disability applications on April 27, 2017.  (Tr. 11, 255-258, 259-264).  In these applications, Plaintiff alleges being disabled due to diabetes, arthritis in the left leg, thyroid condition, insomnia, and sleep apnea.  (Tr. 145-146, 154-155).  Plaintiff alleges an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 16.  These references are to the page number of the transcript itself not the ECF page number.

1

onset date of January 1, 2013. (Tr. 14, Finding 2). These applications were denied initially and again upon reconsideration. (Tr. 199-201, 202-205, 206-207, 208-210).

On February 22, 2018, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 211-213). After the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 8-24). The ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2018. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2013, her alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; obesity; diabetes mellitus; osteoarthritis; obstructive sleep apnea; carpal tunnel syndrome, status-post release surgery; and thyroid disorder. (Tr. 14, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1. (Tr. 14, Finding 4). In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 15-17, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally stoop, kneel, crouch, and crawl; she can only occasionally operate foot controls.

(Tr. 15, Finding 5).

The ALJ found Plaintiff was thirty-six years old (36) which is defined as a younger individual under 20 C.F.R. § 404.1563(c) (2008) and 20 C.F.R. § 416.963(c) (2008). (Tr. 17, Finding 7). The ALJ determined Plaintiff had a high school education and was able to communicate in English. (Tr. 17, Finding 8).

2

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW. (Tr. 17, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 18, Finding 10). Plaintiff and the Vocational Expert ("VE") testified at the administrative hearing regarding this issue. (Tr. 134-136). Based upon the VE's testimony, the ALJ determined Plaintiff retained the capacity to perform the requirement of representative occupations such as an addresser, with 10,000 jobs nationally, and a document preparer with 63,000 jobs nationally. (Tr. 18, Finding 10). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 1, 2013, or through April 22, 2019, the date of his decision. (Tr. 18-19, Finding 11).

Plaintiff requested the Appeal Council's review of the unfavorable disability determination. (Tr. 27-29). On March 31, 2020, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-6). On April 21, 2020, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on April 21, 2020. ECF No. 5. Both parties have filed their appeal briefs and this matter is now ripe for consideration. ECF Nos. 20, 21.

**2.  Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents her or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   **Discussion:**

In her appeal brief, Plaintiff raises the following two arguments for reversal: (1) the ALJ erred in assessing Plaintiff's RFC; and (2) the ALJ erred in presenting a hypothetical question to the VE. ECF No. 20. The Court will address both of these arguments.

   **A. RFC Determination**

Plaintiff claims the ALJ erred in his assessment of Plaintiff's RFC. ECF No. 20, p. 3-13. Plaintiff further asserts the ALJ erred in his RFC determination by failing to consider Plaintiff's obesity. ECF No. 20, p. 3-12.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ should determine a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009); *see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be

supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). However, there is no requirement that an RFC finding be supported by a specific medical opinion. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). A claimant's RFC is "ultimately an administrative determination reserved to the Commissioner." *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012) (quoting *Cox v. Astrue*, 495 F.3d 614, 619-20 (8th Cir. 2007). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

The ALJ's RFC determination was supported by medical evidence. The ALJ considered and discussed medical evidence during the relevant time period and found the results of Plaintiff's physical were largely normal or benign. (Tr. 15-17, 374-375, 390-391, 400-402, 427-428, 439-440, 451, 462, 473-474, 524, 555, 769-770, 773-774, 777, 780-781, 782-783, 788-789, 790-791). The ALJ also discussed Plaintiff's carpal tunnel surgery in 2017. (Tr. 16, 557). Specifically, the ALJ noted after Plaintiff's operation she reported her pain and numbness had improved and exhibited normal exams. (Tr. 16, 555, 633-634).

The ALJ reviewed the consultative examination performed by Dr. Nicholas Elkins. (Tr. 16). The ALJ found Dr. Elkin's opinion persuasive, consistent with Plaintiff's course of treatment, and the findings made upon examination. (Tr. 16, 645-647). Dr. Elkin's believed Plaintiff should be able to sit for a full workday, hold a conversation, respond appropriately to questions, and carry out and remember instructions. (Tr. 647). However, Dr. Elkin's opined Plaintiff is able to stand only very short amounts of time and walk short distances. *Id*. He further concluded Plaintiff should limit lifting and carrying to less than ten pounds. *Id*.

Additionally, the ALJ noted a back pain consultation from April 2018 revealed Plaintiff had full muscle strength and tone in her bilateral upper and lower extremities, normal gait and station, normal coordination, and intact sensation. (Tr. 16, 783-784). Moreover, the ALJ took Plaintiff's obesity into account when determining Plaintiff could perform sedentary work with limitations. (Tr. 14-17). *Heino v. Astrue*, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal). Also noteworthy are Plaintiff's alleged daily activities in her function reports. (Tr. 295-302, 323-330). Plaintiff reported she cooks daily, does laundry, goes shopping three times a week, and drives a car on her own. (Tr. 297-299, 323-327).

Based on the medical evidence presented and Plaintiff's own testimony, substantial evidence supports the ALJ's RFC determination. This Court finds the ALJ's RFC determination should be affirmed.

### B. Hypothetical to Vocational Expert

Plaintiff asserts the ALJ erred in presenting a hypothetical question to the VE because the question did not list all of Plaintiff's limitations. ECF No. 20, p. 14-17. "The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (citing *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006).

The ALJ's hypothetical question included all the limitations found to exist by the ALJ and set forth in the ALJ's RFC determination. *Id*. Based on the Court's previous conclusion that the ALJ's RFC findings are supported by substantial evidence, I hold the hypothetical question was proper, and the VE's answer constituted substantial evidence supporting the Commissioner's denial of benefits. *Id*., *see also Lacroix*, 465 F.3d at 889.

**4.     Conclusion**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of June 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE